IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KENNETH GRAHAM and
MARTHA GRAHAM                                                                    PLAINTIFFS

V.                                                               NO. 3:21-cv-00190-GHD-JMV

WINNEBAGO INDUSTRIES, INC. and
SOUTHAVEN R.V. CENTER INC.                                                       DEFENDANTS

### MEMORANDUM OPINION

Presently before the Court is the Defendants' motion for summary judgment [40]. Upon due consideration, the Court finds that the motion should be granted in part and denied in part.

### *I.  Factual and Procedural Background*

The Plaintiffs in this breach of warranty action allege that the 2019 Winnebago motorhome they purchased from the Defendant Southaven R.V. Center in July of 2018 for $254,892.00 was defective. *See* Compl. [Doc. 1, at p. 5]. More specifically, the Plaintiffs allege that the motorhome suffered from leaks, generator problems, and faulty electronics. *Id.* The Plaintiffs filed this action in August of 2021, asserting federal and state law claims for breach of express and implied warranties, revocation of acceptance, and violation of the Magnuson-Moss Warranty Act. *Id.* at pp. 6-10. The Defendants have now moved for summary judgment as to all of the Plaintiffs' pending claims.

### *II.  Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA*

1

*Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

The Defendants argue that summary judgment in their favor is warranted because, *inter alia*, (1) the alleged defects in the motorhome were caused by an April 2019 collision involving the motorhome and were not due to any manufacturing defects; and (2) the Plaintiffs failed to

timely notify the Defendants of any alleged defects and failed to provide the Defendants a reasonable opportunity to cure.[1]

The Plaintiffs purchased the new Winnebago motorhome on July 27, 2018. The motorhome was covered by a 36-month or 100,000 mile New-Vehicle Limited Warranty, under which the Defendant Winnebago agreed to repair or replace parts found to be defective in material or workmanship at no cost to the Plaintiffs. [Ex. 40-4]. Excluded from coverage under the Warranty, however, were parts or repair that were required due to "accident, collision, ... or improper or inadequate maintenance." *Id.*

Nine months after the Plaintiffs purchased the motorhome, on April 25, 2019, they were involved in a motor vehicle accident on Interstate 59 in Alabama, in which the Plaintiffs' motorhome struck another vehicle in the rear during rainy conditions. [Accident Report, Ex. 40-5]. The Plaintiffs' motorhome sustained "Major" damage as a result of the collision. *Id.* The Plaintiffs notified their insurance company, which determined that the motorhome had sustained over $47,000.00 in damage as a result of the accident. [Repair Bill, Ex. 40-6]. The repair work on the motorhome was done by Jamie Duff's Body and Frame in Columbia, Louisiana, and was completed in October of 2019. *Id.* Less than a month later, on November 20, 2019, the Plaintiffs contacted the Defendant Southaven R.V. Center regarding a leak on the front end of the motorhome; Southaven R.V. Center tested and conducted repairs on the motorhome, which the Plaintiffs retrieved in March of 2020. [Exhs. 40-7, 40-8]. The Plaintiffs then filed suit against the Defendants in the Western District of Louisiana on April 29, 2020, asserting largely the same claims they now assert in this lawsuit. [Ex. 40-9]. That court dismissed the Plaintiffs' claims on

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendants' motion is meritorious as to the Plaintiffs' state law claims is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

3

October 2, 2020, finding that the Defendants were not subject to personal jurisdiction in that court. [Ex. 40-10]. Two months later, the Plaintiffs' counsel sent a demand letter to the Defendant Winnebago, demanding that Winnebago either repurchase the vehicle or tender a cash payment to the Plaintiffs. [40-11]. Winnebago promptly responded and offered to inspect and repair the motorhome at no expense to the Plaintiffs. [40-12]. The parties, however, were unable to agree on a method by which the motorhome would be transported from the Plaintiffs' home to the nearest Winnebago service center, with the Plaintiffs apparently unable to deliver the motorhome to Winnebago and Winnebago unwilling to pick up the motorhome from the Plaintiffs' home for transport to a Winnebago service center. *Id.* This litigation soon followed.

### A. Plaintiffs' Claim for Breach of Express Warranty

In order to prove a claim for breach of express warranty, a plaintiff must demonstrate that the terms of the warranty itself have been violated. *Cipollone v. Liggett Group*, 505 U.S. 504, 525 (1992) ("A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of the warranty."). Stated differently, an express warranty's requirements are not "imposed under state law, but rather imposed by the warrantor." *Id.*

In the case *sub judice*, while the subject warranty excludes coverage for replacement parts and repairs required because of accident or collision, the Court cannot find, at this juncture, that the complained-of leaks were caused by the Plaintiffs' accident. However, the Court does find that the Plaintiffs failed to comply with the subject warranty because they did not permit the Defendants a reasonable opportunity to repair, as defined by the warranty.

4

The warranty specifically provides that:

> to obtain warranty repairs, you must, at your own cost, present your motorhome to an authorized Winnebago service facility during normal business hours … **In the event you feel the repairs made by an authorized service center failed or are otherwise inadequate, you must contact Winnebago Customer Care in writing and advise them of the failure or inadequacy, including a list of the defects, and provide Winnebago an opportunity to repair the motorhome prior to claiming a breach of this warranty.** … Refusal to allow Winnebago an opportunity to repair the motorhome voids warranty coverage for that repair.

*See* New Vehicle Limited Warranty, Ex. 40-4 (emph. added).

Here, the Plaintiffs failed to comply with the plain terms of the warranty – after the Defendants' first attempt to correct the issues identified by the Plaintiffs, the Plaintiffs did not then contact Winnebago in writing and advise them of the failure and "provide Winnebago an [additional] opportunity to repair the motorhome prior to claiming a breach of this warranty" – instead, the Plaintiffs filed suit in Louisiana and failed to comply with the warranty's requirements. Accordingly, because the Plaintiffs failed to comply with the warranty, the Court finds that the claim for breach of express warranty is without merit and it shall be dismissed.

### B. Plaintiffs' Claim for Breach of Implied Warranties

Mississippi law recognizes two separate implied warranties regarding the sale of goods: (1) an implied warranty of merchantability and (2) an implied warranty of fitness for a particular purpose. *Murray v. Blackwell*, 966 So. 2d 901, 903-904 (Miss. Ct. App. 2007). The Plaintiffs assert claims under both implied warranties.

As for the Plaintiffs' claim for breach of the implied warranty of merchantability, five elements must be established: (1) the Defendants sold goods; (2) the goods were not merchantable at the time of sale; (3) the Plaintiffs sustained damages; (4) the non-merchantable goods caused the damages; and (5) the Plaintiffs provided notice of damage. *Watson Quality Ford, Inc. v.*

5

*Casanova*, 999 So. 3d 830, 833-35 (Miss. 2009). In addition, "[a]n opportunity for the seller to cure is a 'reasonable requisite' of a buyer's 'right to recovery.'" *Id.* at 834-35.

Here, the parties argue primarily over whether the motorhome was merchantable at the time of sale and whether the Plaintiffs afforded the Defendants a reasonable opportunity to cure any defects. The Court finds that a genuine issue of material fact exists with respect to this claim. The Plaintiffs state, in a Declaration based on their personal knowledge, that the motorhome began leaking "the second day we had the motor home . . . on its maiden trip …" [Declaration, Ex. 52-2]. If true, this evidence could permit the Plaintiffs to prove that the motorhome was not merchantable at the time of sale, thereby precluding summary judgment on this claim. While the Defendants argue that this Declaration is "self-serving" and should therefore be discounted, the Court finds, guided by Fifth Circuit precedent, that "self-serving affidavits and depositions may create fact issues even if not supported by the rest of the record" and "the question is whether that self-serving testimony is 'conclusory, vague, or not based on personal knowledge.'" *In re Deepwater Horizon*, 48 F.4th 378, 382-83 (5th Cir. 2022); *C.R. Pittman Constr. Co., Inc. v. National Fire Ins. Co. of Hartford*, 453 Fed. Appx. 439, 443 (5th Cir. Oct. 24, 2011) (holding that "an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving."). Here, this factual assertion is contained in a Declaration that is part of the record, is sworn, and is based on the Plaintiffs' personal knowledge. [Ex. 52-2]. The Court therefore finds that, under Rule 56's standard requiring the Court to "view the facts and draw reasonable inferences in the light most favorable to the non-moving party," a genuine issue of material fact exists as to this element of the Plaintiffs' claim. Moreover, while the Defendants insist that the Plaintiffs failed to give the Defendants a reasonable opportunity to cure any alleged defects in the motorhome because the Plaintiffs "presented the

coach to [the Defendants] for repairs on [only] one occasion," the Court does not find as a matter of law, at this juncture, that more than one failed repair attempt is required in order to satisfy Mississippi's requirement that a "reasonable" opportunity to cure has been afforded. While the specific product warranty analyzed above required more, the Defendants have not cited sufficient authority to convince the Court that more than one repair attempt is required, as a matter of law, in order to proceed beyond summary judgment on this claim. Accordingly, the Court finds that genuine issues of material fact exist as to the Plaintiffs' claim for breach of the implied warranty of merchantability, and this claim shall proceed to trial.

Given the Court's ruling on the Plaintiffs' claim for breach of the implied warranty of merchantability, the Court likewise finds that the Defendants' motion for summary judgment as to the Plaintiffs' remaining claims, for breach of implied warranties, revocation of acceptance, and violation of the Magnuson-Moss Warranty Act, fails. The Defendants' argument regarding those claims is centered on their assertion that the Plaintiffs have not shown that a genuine issue of material fact exists with respect to the requirement that they afforded the Defendants a reasonable opportunity to cure any alleged defects in the motorhome prior to filing suit.[2] As noted above, however, the Court finds that a genuine issue of material fact exists as to whether the Plaintiffs did or did not provide the Defendants a reasonable opportunity to cure. This finding precludes summary judgment as to those claims and they shall proceed to trial.

In sum, while the Court finds that the Plaintiffs have offered insufficient evidence to support their claim for breach of express warranty and summary judgment on that claim is therefore appropriate, the Court finds that genuine issues of material fact remain regarding the

---

[2] Establishment of each of the Plaintiffs' remaining claims requires that the defendant be afforded a "reasonable opportunity to cure." *Mercury Marine v. Clear River Constr. Co.*, 839 So. 2d 508, 514 (Miss. 2003).

Plaintiffs' claims for breach of implied warranties, revocation of acceptance, and breach of the Magnuson-Moss Warranty Act, and the Defendants' motion for summary judgment as to those claims shall therefore be denied.

### IV. Conclusion

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains and the Defendants are entitled to judgment as a matter of law as to the Plaintiffs' claim for breach of express warranty. The Court further finds that genuine issues of material fact do exist as to the Plaintiffs' remaining claims for breach of implied warranties, revocation of acceptance, and violation of the Magnuson-Moss Warranty Act, and summary judgment as to those claims shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 20 day of March, 2023.

*[signature]*
SENIOR U.S. DISTRICT JUDGE